**E-FILED on** 7/20/09

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RUSSELL COLE and STEPHANIE OBERG,<br><br>    Plaintiffs,<br><br>    v.<br><br>SUNNYVALE, CHIEF DON JOHNSON, OFFICER STEVEN ROCHEVILLE, LIEUTENANT TRACY HERN, OFFICER SCOTT CORTESE, and CAPTAIN KELLY FITZGERALD,<br><br>    Defendants. | No. C-08- 05017 RMW<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT<br><br>**[Re Docket No. 36]** |

Defendants' motion to dismiss the second amended complaint came on for hearing before the court on July 17, 2009. Plaintiffs oppose the motion. Having considered the papers submitted by the parties and the arguments of counsel at oral argument, and for good cause appearing, defendants' motion is granted in part and denied in part.

## I. BACKGROUND

Plaintiffs Russell Cole and Stephanie Oberg bring this civil rights and tort action against the City of Sunnyvale and various members of the Sunnyvale Police Department for claims arising out of police activity at plaintiffs' residence the night of November 5, 2007. The claims arise out of a warrantless search of plaintiffs' home, the manner in which the search was conducted, and the

subsequent detention of plaintiff Cole under California Welfare & Institutions Code §5150, which authorizes short-term detention of a person who, as a result of a mental disorder, appears to be a danger to himself or others.

### A.     Facts as Alleged in Second Amended Complaint

The Second Amended Complaint alleges that Lt. Hern and Officers Rocheville and Cortese arrived at plaintiffs' home at 11:00 p.m. on November 5, 2007. SAC, ¶16. They approached Plaintiff Code with their hands on their guns while he was standing inside the doorway of his garage. SAC, ¶17. The officers entered the garage, without warrant, probable cause or exigent circumstances. SAC ¶18. The officers then ordered plaintiff Cole to sit in a chair, surrounded him with their hands still on their weapons and interrogated him. SAC ¶19. Plaintiff Cole asked the officers for their names and badge numbers, and defendant Lt. Hern wrote down the information on a card and sat it on a table in the garage. SAC ¶¶20-21.

Plaintiff Cole "asked the officers why they were unlawfully in his garage interrogating him and repeatedly asserted his Fifth Amendment right to remain silent and not answer any questions without the presence of counsel for a period of approximately thirty (30) minutes." SAC ¶23. In response, Lt. Hern became angry, grabbed the card from the table and in a raised voice said something to the effect of "Now you've really pissed me off." SAC ¶24. After a further ten minutes of interrogation, the officers ordered plaintiff Cole to stand up, handcuffed his wrists together and pushed him back into the chair. SAC 25.

The officers then entered plaintiffs' home, without his consent and over plaintiff Cole's objection. SAC ¶¶26-27. With a flashlight and his handgun drawn, Officer Rocheville entered the bedroom in which plaintiff Oberg was sleeping, and in a loud voice woke her, ordered her to get dressed and move to the garage to answer questions. SAC ¶¶31-33. Lt. Hern asked plaintiff Oberg where the shotguns were, repeatedly and falsely asserting that plaintiff Cole had told them he had a shotgun in the house. SAC 35. Plaintiff Oberg responded that there were no firearms in the house and that plaintiff's Cole's legally registered firearm was most likely stored in a remote rural location. SAC 38.

Plaintiff Oberg asked the officers why they were there doing what they were doing, and one of the officers responded that plaintiff Cole had told his mother over the telephone something to the effect of "Things will be different tomorrow" and "This will all be over tomorrow." SAC 39.

Office Cortese then re-entered the home and searched plaintiff Cole's bedroom and the computer room, over plaintiffs' objections and without their consent. No weapons or contraband were discovered. SAC ¶¶41-43.

The officers forcibly removed plaintiff Cole from the garage, against his will, placed him in a locked patrol car and transported him to Valley Medical Center under California Welfare and Institutions Code §5150. SAC ¶45. Plaintiff Cole was released shortly after he was evaluated by health professionals "because it was determined that he was not mentally ill and [did] not pose a grave danger to himself or others." SAC ¶46. Plaintiff Oberg was released when the officers left the home and was not charged or cited for any crime. SAC ¶47.

Plaintiffs caused a written notice of claim to be submitted to the City of Sunnyvale on April 16, 2008, and later amended on May 18, 2008. SAC ¶94. The City of Sunnyvale denied plaintiff Cole's claim on May 19, 2008 and rejected plaintiff Oberg's claim on September 3, 2008. SAC ¶95.

Thereafter, plaintiffs filed the present lawsuit on November 4, 2008.

The Second Amended Complaint asserts causes of action for violation of plaintiffs' federal constitutional rights under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments. The Second Amended Complaint also asserts state law claims for false arrest, false imprisonment, intentional infliction of emotional distress, trespass, violation of the Bane Act, California Civil Code §52.1(b) (violation of constitutional rights by threats, intimidation or coercion), civil conspiracy to violate civil rights and commit torts, aiding and abetting violations of civil rights and commission of torts, negligence, and injunctive relief. Some claims are asserted only against the City of Sunnyvale, others against only some or all of the individual defendants, and some are asserted against all defendants.

**B.     Procedural History**

After defendants filed their first motion to dismiss, plaintiffs filed an amended complaint. Plaintiffs thereafter retained counsel, and by stipulation of the parties, filed a second amended complaint. The second amended complaint asserts 16 causes of action, numbered one through twelve and fifteen through eighteen.[1] To avoid confusion, the court will refer to these causes of action as numbered in the second amended complaint.

One or more defendants move to dismiss the first through tenth causes of action, the twelfth cause of action, and the fifteenth through eighteenth causes of action. Defendant Sunnyvale also seeks dismissal of the prayer for punitive damages against it. No challenge has been brought to the ninth cause of action for false imprisonment or the eleventh cause of action for trespass.

Plaintiffs concede the motion with regard to the alleged violations of their rights under the fifth, sixth, eighth, and fourteenth amendments to the United States Constitution. Opp. at 7-8. Plaintiffs also do not oppose dismissal of the Seventh Cause of Action under 42 U.S.C. §1985 for conspiracy. Opp. at 10. Further, plaintiffs do not oppose dismissal of the Fifteenth through Seventeenth Causes of Action for conspiracy to violate civil rights, aiding and abetting violations of civil rights and the commission of torts, and negligence, against the City of Sunnyvale as barred by governmental immunity. Finally, plaintiffs do not oppose dismissal of their punitive damages claim against defendant Sunnyvale. In all other respects, plaintiffs oppose the motion.

As a result, the following issues remain to be decided on the present motion to dismiss:

1.  Whether the first six causes of action under 42 U.S.C. §1983 for violation of the First Amendment fail to state a claim upon which relief can be granted;

2.  Whether the Fifth Cause of Action for supervisory liability under 42 U.S.C. §1983 fails to state a claim upon which relief can be granted;

3.  Whether the doctrine of qualified immunity bars the First through Sixth causes of action under 42 U.S.C. §1983;

---

[1] It is not apparent why the second amended complaint skips from the twelfth cause of action to the fifteenth cause of action, omitting what would be the thirteenth and fourteenth enumerated causes of action.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT—No. C-08- 05017 RMW
TER                                             4

|   |   |   |
|---|---|---|
| 1 | 4. | Whether the Eighth Cause of Action for false arrest should be dismissed as |
| 2 |    | duplicative of the Ninth Cause of action for false imprisonment; |
| 3 | 5. | Whether the Tenth and Twelfth Causes of Action are Barred by Failure to Comply |
| 4 |    | with California Tort Claims Act; and, |
| 5 | 6. | Whether the Eighteenth Cause of Action for injunctive relief should be dismissed for |
| 6 |    | failure to state a claim. |

## II. ANALYSIS

### A. General Standards for Dismissal

Rule 12(b)(6) allows a defendant to seek dismissal for failure to state a claim upon which relief can be granted. FRCP 12(b)(6). Such a motion tests the legal sufficiency of a claim. In considering a motion under Rule 12(b)(6), the court must construe the complaint in the light most favorable to the plaintiff, accept as true all material allegations in the complaint as well as reasonable inferences to be drawn from them, and determine if those facts, if proven, would establish a valid claim for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). To survive a motion to dismiss, a complaint must allege sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads fact that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (internal citations omitted).

### B. Defendants' Motion

1. <u>Motion to Dismiss First Six Causes of Action Under 42 U.S.C. §1983 for Violation of the First Amendment for Failure To State a Claim Upon Which Relief can be Granted</u>

As noted above, as a result of plaintiffs' concession in their opposition papers, the first six causes of action are limited to alleged violations of plaintiffs' First and Fourth Amendment rights.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT—No. C-08- 05017 RMW
TER                                                                 5

United States District Court
For the Northern District of California

1  Defendants seek dismissal of these Section 1983 claims to the extent they are founded upon
2  violations of the First Amendment on the basis that Second Amended Complaint does not allege
3  facts showing that plaintiffs were engaged in protected speech or that the officers took any
4  retaliatory action against plaintiffs because of such speech.  Motion at 6.

5       In opposition, plaintiffs point to paragraphs 23-25 of the Second Amended Complaint:

> 23.    MR. COLE asked the officers why they were unlawfully in his garage interrogating him and repeatedly asserted his Fifth Amendment Right to remain silent and not answer any questions without the presence of counsel for a period of approximately thirty (30) minutes.
>
> 24.    In response, LT. HERN became angry, grabbed the card from the table, and in a raised voice said something to the effect of, "Now you've really pissed me off."
>
> 25.    After approximately ten (10) minutes of "unsuccessful" interrogation, the officers ordered MR. COLE to stand-up [sic], placed his wrists together, handcuffed him and pushed him back into the chair.

These paragraphs, plaintiffs argue, "allege the exercise of free speech, i.e. the invocation of constitutional rights and the questioning of the officers' authority, and the resulting retaliatory conduct, i.e. handcuffing and pushing of plaintiff Cole."  Opposition at 6.

In reply, defendants argue:

> The complaint alleges Lt. Hern was angry because Cole refused to answer questions, but does not allege Lt. Hern acted in retaliation for Coles conduct.  Further, even if Cole alleged sufficient facts for a First Amendment claim against Lt. Hern, the complaint contains no facts showing any of the other officers acted in retaliation.  Plaintiffs' complaint thus fails to allege a causal connection between what was said to Lt. Hern and any retaliatory motive of other officers.  Moreover, plaintiffs do not dispute that the complaint fails to state facts sufficient to state a claim for violation of Oberg's First Amendment rights, and plaintiffs do not point to any facts to support such a claim on her behalf.

Reply at 3.

     Defendants' motion is well-taken.  Plaintiffs' first amendment claim appears to be based on the theory that the defendants took retaliatory action against them for having exercised their rights under the First Amendment.  "To demonstrate retaliation in violation of the First Amendment,

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT—No. C-08- 05017 RMW
TER      6

[Plaintiff] must ultimately prove first that [Defendants] took action that would chill or silence a person of ordinary firmness from future First Amendment activities.... The second requirement is [that] [Plaintiff] must ultimately prove that [Defendants'] desire to cause the chilling effect was a but-for cause of [Defendants'] action." *Dietrich v. John Ascuaga's Nugget*, 548 F.3d 892900-01 (9th Cir. 2008), *quoting Skoog v. County of Clackamas*, 469 F.3d 1221, 1231-32 (9th Cir. 2006). The Second Amended Complaint, however, does not allege facts that plausibly suggest an act of retaliation by any defendant against plaintiff Cole for exercising his rights under the First Amendment. Additionally, plaintiffs have made no argument that plaintiff Oberg's First Amendment rights were violated. The Second Amended Complaint does not contain factual allegations sufficient to plausibly suggest retaliation by each defendant whom plaintiffs seek to hold liable under Section 1983 and thus fail to state a claim upon which relief can be granted. *Iqbal*, 129 S.Ct. at 1952.

Accordingly, the motion to dismiss the First through Sixth Causes of Action for failure to state a claim under 42 U.S.C. §1983 premised upon a violation of the First Amendment is granted with leave to amend. The amended complaint shall plead facts showing retaliation by the defendants whom they contend violated their rights, and if the First Amendment rights of plaintiff Oberg are claimed to have been violated, the amended complaint shall separately allege the facts identifying her speech and the facts of any resulting retaliation.

2. <u>Motion to Dismiss Fifth Cause of Action for Supervisory Liability Under 42 U.S.C. §1983 for Failure to State a Claim Upon Which Relief can be Granted</u>

The Fifth Cause of Action is asserted under Section 1983 against defendants Chief Johnson, Cpt. Fitzgerald and Lt. Hern, for "supervisory liability based on misconduct of subordinates."

Defendants argue that a municipality cannot be liable under Section 1983 on a respondeat superior theory and contend that the fifth cause of action for "supervisory liability" against Chief Johnson, Cpt. Fitzgerald and Lt. Hern is seeking to impose such liability and avoid the strict causation requirements for *Monell* liability. Defendants argue that "Municipalities act through their supervisory employees, and plaintiffs cannot avoid the requirements for municipal liability by simply asserting respondeat superior claims against supervisory personnel rather than the

municipality directly." Motion at 10. Thus, defendants contend that the fifth cause of action fails to state a claim and is duplicative of the fourth cause of action for *Monell* liability. Motion at 10-11.

In opposition, plaintiffs argue that they are not asserting a disguised *Monnell* claim, and emphasize that the City of Sunnyvale is not a defendant in this cause of action. Instead, plaintiffs seek to hold the supervising officers directly liable under Section 1983, and cite cases confirming direct individual liability of supervising officers. Opp. at 9.

In reply, defendants argue that plaintiffs have not alleged facts to support a claim for individual supervisory liability. Defendants concede that a supervisor is liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations or knew of the violations and failed to act to prevent them, citing *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Defendants contend that plaintiffs have not alleged facts to support a plausible conclusion that Chief Johnson, Captain Fitzgerald and Lt. Hern are subject to supervisory liability under Section 1983.

The United States Supreme Court recently confirmed that vicarious liability is not applicable in suits under Section 1983 and that a plaintiff must plead that each government official, through the official's own individual actions, has violated the Constitution. *Iqbal*, 129 S.Ct. at 1948. The Second Amended Complaint does not do so, however. It does not allege facts that plausibly demonstrate individual actions of Chief Johnson or Cpt. Fitzgerald, neither of whom was at the plaintiffs' residence at the time of the incident, that violated plaintiffs' constitutional rights. Although Lt. Hern is identified as one of the three police officers present on the scene, the allegations against him are too conclusory to withstand a motion to dismiss. Accordingly, the Fifth Cause of Action is dismissed with leave to amend, and if plaintiffs amend, they shall plead facts which plausibly demonstrate that through the individual official's own actions, plaintiffs' constitutional rights were violated.

3. <u>Motion to Dismiss First through Sixth Causes of Action as Barred by the Doctrine of Qualified Immunity</u>

Defendants also move to dismiss the constitutional claims on the basis that the individual officer defendants are entitled to qualified immunity. Defendants assert that the officers "were at

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT—No. C-08- 05017 RMW
TER                                              8

plaintiffs' residence conducting a § 5150 investigation to determine whether Cole was suffering from a mental disorder and a danger to himself or others. Cole's mother reported he owned firearms and police knew firearms were registered to him, and they searched the premises for weapons. The officers were required to confiscate weapons under Welf. & Inst. Code §8102 ...."  Defendants further argue that "plaintiffs have not, and cannot, plead facts showing the law was clearly established at the time of the incident prohibiting the officers' particular conduct of questioning them about weapons and searching the premises for the limited purpose of locating and confiscating wepons [sic, "weapons"] to fulfill the officers' mandatory duties imposed by [Welfare and Institutions Code] § 8102."  Motion at 16.

Plaintiffs oppose the motion arguing that it "assumes facts contrary to the allegations set out in the Second Amended Complaint" including that there was probable cause to believe that plaintiff Cole, as a result of mental disorder, was a danger to others, or to himself, or gravely disabled under W&I §5150 to warrant the underlying detention and search.  Second, it assumes that the officers 'found' that he owned, possessed, or controlled a firearm before entering the premises.  Finally, Defendants assume that the police searched plaintiffs' residence based on W&I Code §8102 instead of probable cause and exigent circumstances or some other grounds.  These are disputed facts not properly before the Court for adjudication." Opp. at 10.

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, ___U.S. ___, 129 S. Ct. 808, 815 (2009) (quoting, *Harlow v. Fitzgerald*, 457 U.S. 800 (1982)).  "Qualified immunity balances two important interests-the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably.  The protection of qualified immunity applies regardless of whether the government official's error is "a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact." *Id.* citing *Groh v. Ramirez*, 540 U.S. 551, 567 (2004) (J. Kennedy, dissenting).

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT—No. C-08- 05017 RMW
TER                                                                 9

**United States District Court**
For the Northern District of California

1    To determine whether a defendant is entitled to qualified immunity, the court must first
2 consider whether the facts, taken in a light most favorable to plaintiff, show that the officer's conduct
3 violated a constitutional right. *Saucier v. Katz*, 533 U.S.194, 201 (2001).  If no right was violated,
4 then the inquiry ends and the officers have immunity from suit.  On the other hand, if the facts
5 construed in a light most favorable to the plaintiff show that the officer's conduct did violate a
6 constitutional right, then a second step in the analysis is to determine whether the right the official is
7 alleged to have violated was clearly established such that it would be clear to a reasonable officer
8 that his or her conduct was unlawful in the situation confronted.  *Id.* at 202.

9    Although it is important to resolve immunity questions at the earliest possible stage in
10 litigation, *Pearson*, 129 S.Ct. at 815, the issue cannot be resolved on the present motion to dismiss
11 based on the present state of the pleadings.  The facts upon which defendants rely – their presence at
12 plaintiffs' home in response to make an investigation under Section 5150 based upon a call from
13 plaintiff Cole's mother reporting a threat he had made, as well as misconstrued information about
14 plaintiff Cole's possession of a firearm – are not apparent from the four corners of the Second
15 Amended Complaint.

16    Notably, the original complaint and the First Amended Complaint each allege facts that
17 explain why the officers went to plaintiffs' home that night.  Specifically, there are allegations that
18 plaintiff Cole and his mother had a telephone argument [Complaint ¶1; FAC ¶1], that the officers
19 informed Oberg that Cole had threatened his mother over the telephone with words that "Things will
20 be different tomorrow" and "This will be all over tomorrow" [Complaint and FAC ¶52] and that
21 Cole's mother had called the police to report the threat.  Complaint and FAC ¶74.

22    Moreover, the original complaint included two exhibits, one of which is plaintiff Oberg's
23 letter of complaint to the Sunnyvale Department of Public Safety asking for the justification for the
24 officers' actions on the night of November 5, 2007, and the second of which is the response letter
25 from Captain Kelly Fitzgerald.  Captain Fitzgerald's letter explains, among other things, that "the
26 reporting party had told our dispatcher that the subject involved had 'shot guns in the past'.  A
27 different dispatcher misinterpreted the information and dispatched the call to the officers indicating
28 the subject involved owned a shot gun."  The letter goes on to state:

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS SECOND AMENDED
COMPLAINT—No. C-08- 05017 RMW
TER                                                      10

> As I explained to you, any time a subject is placed on a 72-hour hold based on 5150 W & I, the law requires the police to confiscate any firearms owned or accessible to that subject. A gun registered to a subject being placed on a 72-hour hold is an appropriate reason to search the residence with the contact with th subject is in the residence. Based on the information the officers had at the time, I consider the limited search of your residence appropriate ....

These factual allegations have not been included in the Second Amended Complaint, however, nor has the correspondence between plaintiff Oberg and the Sunnyvale Department of Public Safety been attached as exhibits.

Based on the present state of the pleadings, the court will not at this time grant a motion to dismiss based on qualified immunity, and the motion is therefore denied without prejudice. Defendants may reassert their claim for qualified immunity in another motion, supported by declarations, judicial admissions, and other evidence.

4. <u>Motion to Dismiss the Eighth Cause of Action for False Arrest as Duplicative of the Ninth Cause of Action for False Imprisonment</u>

Defendants argue that the eighth cause of action for false arrest duplicates the ninth cause of action for false imprisonment and should thus be dismissed. Motion at 17. They contend that false arrest is but one way of committing a false imprisonment, citing case law, including *Hagberg v. California Federal Bank*, 32 Cal.4th 350, 373 n.7 (2004) in which the California Supreme Court observed that false arrest and false imprisonment are not two separate torts and that both consist of the unlawful violation of the personal liberty of another.

Plaintiffs counter that the two claims are distinct. "Plaintiffs separately allege facts supporting distinct claims for false arrest and false imprisonment. Plaintiff Cole alleges that officers handcuffed him and shoved him into a chair for approximately 40 minutes during interrogation in his garage. [¶¶ 23-25]. Plaintiff Oberg alleges that police entered her bedroom with guns drawn and used forceful commands to startle her from her bed and into the garage for interrogation. [¶¶28, 29, 31-35]. Plaintiff Cole also alleges the police placed him in back of a locked police care and committed him to a mental health center under W&I §5150 without probable cause." Opp at 11-12.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT—No. C-08- 05017 RMW
TER     11

The only substantive difference between the Eighth Cause of Action for False Arrest and the Ninth Cause of Action for False Imprisonment is that the Eight Cause of Action alleges that defendants "arrested plaintiffs without a warrant" (¶98) and the Ninth Cause of Action alleges that defendants "intentionally deprived Plaintiffs of their freedom of movement by use of physical barriers, force, threats of force, including deadly force, menace, fraud, deceit, [and] unreasonable duress." ¶104.

Under California law, a claim for false imprisonment encompasses a claim for false arrest, and therefore the eighth cause of action is duplicative of the ninth cause of action. However, to the extent that plaintiffs seek to allege separate tort claims arising out of discrete sets of operative facts, plaintiffs are granted leave to amend.

5. <u>Motion to Dismiss the Tenth and Twelfth Causes of Action as Barred for Failure to Comply with the California Tort Claims Act</u>

Defendants challenge the Tenth and Twelfth Causes of Action (intentional infliction of emotional distress and violation of Civil Code 52.1) on the basis that these claims are barred by the California Tort Claims Act, Government Code Section 945.4, because they were not included in Plaintiff Cole's written claim submitted to the City of Sunnyvale. Defendants do not appear to challenge these causes of action to the extent that they are brought by plaintiff Oberg.

Plaintiff Cole's written claim submitted to the City of Sunnyvale identified the following cause of loss, injury or damage: "violation of constitutional rights by Sunnyvale Department of Public Safety." When asked to provide the detailed description of the damage or injury, the claim states: "1) illegal search, 2) illegal seizure, 3) detention under Welf. Inst. Sect. 5150, without probable cause." Exh. A to Fox Decl. The claim also referenced the police report corresponding to the incident and provided the name of Officer Rocheville. *Id.*

Defendants challenge the Tenth Cause of Action for the intentional infliction of emotional distress, arguing that the written claim did not include any reference to emotional distress or allegations of conduct intended to injure or with reckless disregard for causing emotional distress. Motion at 19. Defendants also challenge the Twelfth Cause of Action for violation of the Bane Act (Civil Code 52.1) on the same basis, arguing that the claim is barred because it was not presented to

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT—No. C-08- 05017 RMW
TER                    12

the City of Sunnyvale under the Tort Claims Act. Section 52.1 proscribes interference or attempted interference by threats, intimidation or coercion with rights secured by the Constitution or laws of the Untied States. Defendants argue that plaintiff's Cole's "claim stated only 'Violation of constitutional rights by Sunnyvale Department of Public Safety ... 1) Illegal search; 2) Illegal seizure, 3) Detention under Welf. Inst. Sect. 5150 without probable cause.' The claim includes no allegations of 'threats, intimidation or coercion', against him or his property. Allegations of 'illegal search', 'illegal seizure' and unwarranted detention under Welf. and Inst. Code ¶5150 do not necessarily or implicitly include threatening, intimidating or coercive conduct. Claims under Civil Code §52.1 thus are not fairly reflected anywhere in Cole's tort claim presented to the City." Motion at 20.

In opposition, plaintiffs argue that the claimed emotional distress injuries arise out of the same fundamental facts that give rise to the constitutional claims, and that the Bane Act violations by definition arise from the constitutional violations expressly identified in the Tort Claim. Opp. at 15. Thus, the written claim requirement has been met.

The California Supreme Court's decision in *Stockett v. Association of California Water Agencies Joint Powers Ins. Authority*, 34 Cal.4th 441 (2004), although not cited by either party, is determinative. In *Stockett*, the California Supreme Court reviewed the case law and analyzed when a claim asserted in litigation is barred for not having been raised in a claim submitted under the Tort Claims Act, noting that the key distinction is whether the claim asserted in litigation claim alleges a theory to shift liability to other parties or to premise liability on acts committed at different times or places than as stated in the written claim. *Id.* at 447. The Court explained:

> [S]ection 954.4 requires each cause of action to be presented by a claim complying with section 910, while section 910, subdivision (c) requires the claimant to state the "date, place, and other circumstances of the occurrence or transaction which gave rise to the claim asserted." If the claim is rejected and the plaintiff ultimately files a complaint against the public entity, the facts underlying each cause of action in the complaint must have been fairly reflected in a timely claim. "[E]ven if the claim were

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT—No. C-08- 05017 RMW
TER                          13

1 timely, the complaint is vulnerable to a demurrer if it alleges a factual basis for
2 recovery which is not fairly reflected in the written claim.
3   The claim, however, need not specify each particular act or omission later
4 proven to have caused the injury. A complaint's fuller exposition of the factual basis
5 beyond that given in the claim is not fatal, so long as the complaint is not based on an
6 "entirely different set of facts." Only where there has been a "complete shift in
7 allegations, usually involving an effort to premise civil liability on acts or omissions
8 committed at different times or by different persons than those described in the
9 claim," have courts generally found the complaint barred. Where the complaint
10 merely elaborates or adds further detail to a claim, but is predicated on the same
11 fundamental actions or failures to act by the defendants, court have generally found
12 the claim fairly reflects the facts pled in the complaint.

*Id.*

Here, there the claim for the infliction of emotional distress and the claim under the Bane Act involve the same actors and same underlying facts as those identified, albeit cryptically, in plaintiff Cole's written claim. Accordingly, the Tenth and Twelfth Causes of Action are not barred by California Government Code Section 954.4 and defendants' motion to dismiss on this basis is denied.

  6. <u>Motion to Dismiss the Eighteenth Cause of Action for Injunctive Relief for Failure to State a Claim</u>

Defendants seek dismissal of the Eighteenth Cause of Action for Injunctive Relief and plaintiffs oppose the motion. Defendants contend that plaintiffs lack standing to seek injunctive relief on the ground that there has been no showing or a real or immediate threat that plaintiffs will be subject to police interrogation or a search of their residence for weapons. Plaintiffs contend that they are entitled to seek injunctive relief under the constitutional claims they have asserted.

The parties, however, have ignored a more fundamental flaw with the Eighteenth Cause of Action, namely injunctive relief is a remedy and is not a separate cause of action. *Shamsian v. Atl. Richfield Co.*, 107 Cal. App.4th 967, 984-85 (2003); *Mamerto v. Deutsche Bank Nat. Trust Co.*,

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT—No. C-08- 05017 RMW
TER          14

2009 WL 1582911 (S.D. Cal. June 4, 2009); *Watts v. Decision One Mortgage Co.*, 2009 WL 1657424 (S.D. Cal. June 11, 2009). Accordingly, the Eighteenth Cause of Action is dismissed. This dismissal, however, does not preclude plaintiffs from seeking appropriate injunctive relief on other causes of action where such causes of action permit such relief.

### III.  ORDER

For the foregoing reasons, the court grants and denies defendants' motion to dismiss as follows:

1. Plaintiffs' First through Sixth Causes of Action under 42 U.S.C. §1983 based upon alleged violations of the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments are dismissed without leave to amend, based on plaintiffs concession;

2. Plaintiff's First through Sixth Causes of Action under 42 U.S.C. §1983 based upon alleged violation of plaintiff Cole's First Amendment rights are dismissed with leave to amend;

3. Plaintiffs' Fifth Cause of Action under 42 U.S.C. §1983 for "supervisory liability" against defendants Henderson, Fitzgerald and Hern is dismissed with leave to amend;

4. Plaintiffs' Seventh Cause of Action under 42 U.S.C. §1985 is dismissed without leave to amend, based upon plaintiffs' concession;

5. Plaintiffs' Eighth Cause of action for false arrest is dismissed as duplicative of the Ninth Cause of action for false imprisonment, and plaintiffs are granted leave to amend to assert separate claims arising from separate facts

6. Plaintiffs' Fifteenth, Sixteenth and Seventeenth Causes of Action against the City of Sunnyvale are dismissed, based upon plaintiffs' concession;

7. Plaintiffs' Eighteenth Cause of Action for injunctive relief is dismissed without prejudice to plaintiffs' ability to seek appropriate injunctive relief under causes of action which support such relief;

8. Plaintiffs' prayer for punitive damages against the City of Sunnyvale is dismissed, based upon plaintiffs' concession;

9. Defendants' motion to dismiss based on qualified immunity is denied without prejudice; and

10. Defendants' motion to dismiss the Tenth and Twelfth Causes of Action as barred by the California Tort Claims Act is denied.

Plaintiffs shall have twenty days leave to file a third amended complaint.

DATED: 7/17/09

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT—No. C-08- 05017 RMW
TER                                                                                        16

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiffs:**

| | |
|---|---|
| Andrew Vinson Stearns | astearns@loboinc.com |
| Ignascio Gallegos Camarena, II | icamarena@loboinc.com |
| Steven Michael Berki | sberki@loboinc.com |
| M. Jeffery Kallis | M_J_Kallis@Kallislaw.org |

**Counsel for Defendants:**

Gregory Mellon Fox            gfox@bfesf.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:** 7/20/09                               TER
                                          **Chambers of Judge Whyte**

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT—No. C-08- 05017 RMW
TER                                             17