**E-FILED on** 2/9/10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RUSSELL COLE and STEPHANIE OBERG,<br><br>Plaintiffs,<br><br>v.<br><br>SUNNYVALE, CHIEF DON JOHNSON, OFFICER STEVEN ROCHEVILLE, LIEUTENANT TRACY HERN, OFFICER SCOTT CORTESE, and CAPTAIN KELLY FITZGERALD,<br><br>Defendants. | No. C-08- 05017 RMW<br><br>ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS THIRD AMENDED COMPLAINT AND MOTION TO STRIKE<br>**[Re Docket No. 57]** |

Defendants' motion to dismiss and motion to strike came on for hearing before the court on November 6, 2009. Defendants seek dismissal of the first through sixth causes of action and move to strike the reference to the Fifth Amendment as a basis for federal jurisdiction over this matter. Plaintiffs oppose the motion to dismiss in part but do not oppose the motion to strike. Having considered the papers submitted by the parties and the arguments of counsel at oral argument, and for good cause appearing, defendants' motion is granted in part and denied in part.

## I. BACKGROUND

Plaintiffs Russell Cole and Stephanie Oberg bring this civil rights and tort action against the City of Sunnyvale and various members of the Sunnyvale Police Department for claims arising out

of police activity at plaintiffs' residence the night of November 5, 2007. The claims arise out of a warrantless search of plaintiffs' home, the manner in which the search was conducted, and the subsequent detention of plaintiff Cole under California Welfare & Institutions Code §5150, which authorizes short-term detention of a person who, as a result of a mental disorder, appears to be a danger to himself or others.

On July 20, 2009, the court granted defendants' motion to dismiss with leave to amend. Plaintiffs thereafter filed the third amended complaint, a portion of which is the subject of the present motion.

Of the thirteen asserted causes of action, the first six are brought under 42 U.S.C. §1983 and the remaining seven are brought under state law. Defendants' motion addresses only the Section 1983 claims and does not challenge the state law claims.

## II. ANALYSIS

### A. General Standards for Dismissal

Rule 12(b)(6) allows a defendant to seek dismissal for failure to state a claim upon which relief can be granted. FRCP 12(b)(6). Such a motion tests the legal sufficiency of a claim. In considering a motion under Rule 12(b)(6), the court must construe the complaint in the light most favorable to the plaintiff, accept as true all material allegations in the complaint as well as reasonable inferences to be drawn from them, and determine if those facts, if proven, would establish a valid claim for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). To survive a motion to dismiss, a complaint must allege sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads fact that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (internal citations omitted). As summarized by the Ninth Circuit, in order "for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,'

and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the court to draw on its judicial experience and common sense. *Iqbal*, 129 S. Ct. at 1950. Where the facts, taken as true, are consistent with the possibility of wrongdoing, but where more likely explanations also arise from those same facts, the allegations do not "plausibly suggest an entitlement to relief" and are appropriately subject to dismissal under Rule 12(b)(6). *Iqbal*, 129 S. Ct. at 1350.

### B.  Defendants' Motion

1. <u>Motion to Dismiss First Six Causes of Action Under 42 U.S.C. §1983 for Violation of the First Amendment for Failure To State a Claim Upon Which Relief Can be Granted</u>

Defendants first seek dismissal of the first through sixth causes of action under 42 U.S.C. §1983 relating to alleged violation of plaintiff Cole's First Amendment rights. Although the claims also assert violations of plaintiffs' Fourth Amendment rights, the motion is limited to challenging the adequacy of the claims under the First Amendment.

These Section 1983 claims were previously dismissed for failure to plead facts sufficient to plausibly suggest that the officer defendants retaliated against plaintiff Cole for exercising his rights under the First Amendment. In granting plaintiffs leave to amend, the court instructed plaintiffs that the amended complaint "shall plead facts showing retaliation by the defendant whom they contend violated their rights." July 20, 2009 Order. In response, the Third Amended Complaint alleges:

> "21.  **In accordance with his constitutionally protected right to verbally criticize and challenge police conduct under the First Amendment . . .** MR. COLE asked the officers why they were unlawfully in his garage interrogating him and repeatedly asserted his Fifth Amendment rights to remain silent and not answer any questions without the presence of counsel for a period of approximately thirty (30 ) minutes.
>
> 22.  In response, LT. HERN became angry, grabbed the card from the table, and in a raised voice said something to the effect of, "Now you've really pissed me off."
>
> 23.  After approximately ten (10) minutes of **further now more hostile interrogation to which MR. COLE again responded by questioning the officers' authority as alleged above and repeatedly asserting his Fifth Amendment rights**, the officers ordered MR. COLE to stand-up (sic), placed his wrists together,

> handcuffed him and pushed him back into the chair **in an effort to chill any further verbal challenges and criticism of their official conduct. . . ..**"

TAC ¶¶ 21-23 (emphasis added to show amendments added by Third Amended Complaint).

"To demonstrate retaliation in violation of the First Amendment, [plaintiff] must ultimately prove first that [defendants] took action that would chill or silence a person of ordinary firmness from future First Amendment activities.... The second requirement is [that] [plaintiff] must ultimately prove that [defendants'] desire to cause the chilling effect was a but-for cause of [defendants'] action." *Dietrich v. John Ascuaga's Nugget*, 548 F.3d 892, 900-01 (9th Cir. 2008), quoting *Skoog v. County of Clackamas*, 469 F.3d 1221, 1231-32 (9th Cir. 2006). Not all acts motivated by retaliation are so significant as to amount to a constitutional violation, however. The Ninth Circuit has recognized that "[i]n some cases, the would-be retaliatory action is so insignificant that it does not deter the exercise of First Amendment rights, and thus does not" give rise to a First Amendment retaliation claims, such as when the retaliation consists of "only minor acts, such as 'bad-mouthing' that cannot reasonably be expected to deter protected speech." *Coszalter v. City of Salem*, 320 F.3d 968, 975 (9th Cir. 2003) (discussing case law in the employment context). Thus, the court must determine: 1) whether the factual allegations of retaliation are sufficient such that, if true, they would "chill or silence a person of ordinary firmness from future First Amendment activities;" and 2) that the facts adequately allege that defendants' desire to cause the chilling effect was a but-for cause of their action.

From the allegations highlighted above, there are two alleged sets of retaliatory acts: first, Lt. Hern allegedly became angry, grabbed the card from the table (upon which he had written the officers names and badge numbers, as plaintiff requested) and in a raised voice stated "Now you've really pissed me off;" and second, the officers ordered plaintiff to stand up, placed his wrists together, handcuffed him and pushed him back into the chair.

With regard to the first retaliatory act, the conduct of removing the card upon which the officers' names and badge numbers had been written, raising his voice and stating "Now you've really pissed me off" is not the type of conduct that would chill or silence a person of ordinary firmness from future First Amendment activities. The conduct, as alleged, falls closer to "bad-

mouthing" that does not give rise to a constitutional violation. *Coszalter* 320 F.3d at 975-76. Thus, Lt. Hern's actions, as alleged, do not rise to the level of a constitutional violation, and the Third Amended Complaint does not state a claim arising out of such conduct.

With regard to the second alleged retaliatory action, the allegations are that in retaliation for Cole exercising his First Amendment rights to question the officers' conduct and exercising his Fifth Amendment rights in the face of further questioning, the officers ordered plaintiff to stand up, placed his wrists together, handcuffed him and pushed him back into the chair. To rise to the level of a constitutional violation, Cole must ultimately prove that the challenged conduct would chill or silence a person of ordinary firmness from future First Amendment activities and also that the defendants' desire to cause the chilling effect was a but-for cause of the action. *Dietrich*, 548 F.3d at 900-01; *Skoog*, 469 F.3d at 1231-32. Even assuming the conduct was sufficient to chill or silence a person of ordinary firmness from engaging in future First Amendment activity, plaintiffs cannot establish that the conduct was a but-for cause of the action.

The facts, as alleged in the Third Amended Complaint and as alleged in earlier iterations of the complaint, establish that the officers had probable cause to seize plaintiff. The original complaint and the First Amended Complaint each allege facts that explain why the officers went to plaintiffs' home that night, as does the Third Amended Complaint to a lesser degree. Specifically, there are allegations that plaintiff Cole and his mother had a telephone argument [Complaint ¶1; FAC ¶1], that the officers informed Oberg that Cole had threatened his mother over the telephone with words that "Things will be different tomorrow" and "This will be all over tomorrow" [TAC ¶37] and that Cole's mother had called the police to report the threat. Complaint and FAC ¶74. Moreover, a letter from Captain Kelly Fitzgerald responding to plaintiff Oberg's complaint explains, among other things, that "the reporting party had told our dispatcher that the subject involved had 'shot guns in the past'. A different dispatcher misinterpreted the information and dispatched the call to the officers indicating the subject involved owned a shot gun." The letter goes on to state:

> As I explained to you, any time a subject is placed on a 72-hour hold based on 5150 W & I, the law requires the police to confiscate any firearms owned or accessible to that subject. A gun registered to a subject being placed on a 72-hour hold is an appropriate reason to search the residence with the contact with the subject is in the

> residence. Based on the information the officers had at the time, I consider the limited search of your residence appropriate....

The letter is described in paragraph 48 of the Third Amended Complaint, and even though it was not attached as an exhibit to the Third Amended Complaint, it was attached as an exhibit to the original Complaint. The letter may therefore be considered on the motion to dismiss. The court may also consider the prior allegations as part of its "context-specific" inquiry based on its judicial experience and common sense to assess whether the Third Amended Complaint plausibly suggests an entitlement to relief, as required under *Iqbal.* 129 S. Ct. at 1950.

The officers were on the scene pursuant to conduct a "5150 investigation" in response to a 911 call indicating that Mr. Cole may be a danger to himself or others. (Welfare and Institutions Code Section 5150 authorizes peace officers to take into custody any person, upon probable cause, who appears to be a danger to himself or others as a result of mental disorder.) Mr. Cole did not cooperate with the investigation. Based on the information available to the officers (whether or not it was erroneous), the officers had probable cause to detain Mr. Cole, handcuff him, and place him into the chair. The presence of probable cause to effectuate the arrest defeats plaintiff's claim, and he cannot establish that unlawful retaliation was the but for cause of his arrest and detention.

A further impediment to plaintiff Cole's claim is that there are no non-conclusory facts alleged that would allow the court to draw a reasonable inference that the officers took the alleged action in retaliation and for the purpose of chilling Cole's exercise of his constitutional rights. *Moss*, 572 F.3d at 971. Setting aside the conclusory allegation that the officers' conduct was "an effort to chill any further verbal challenges and criticism of their official conduct," there are no facts pleaded from which to reasonably infer that the conduct was motivated by retaliation. *See Mendocino Environmental Center v. Mendocino County*, 14 F.3d 457 (9th Cir. 1994) (noting that the specific factual allegations in that case were sufficient to allege retaliation and withstand a motion to dismiss). Conclusory allegations are to be disregarded, under *Iqbal*, which leaves no allegations from which a reasonable inference of retaliation could be drawn. In other words, plaintiffs have failed to allege facts which, if true, would state a claim that is plausible on its face, or which plausibly suggest an entitlement to relief. *Iqbal*, 129 S. Ct. at 1949.

In consideration of the facts alleged in the Third Amended Complaint, the facts alleged in prior iterations of the pleading, and the facts revealed in the correspondence from Captain Fitzgerald referenced in the complaint, the Third Amended Complaint does not allege facts that plausibly suggest an act of retaliation by any defendant against plaintiff Cole for exercising his rights under the First or Fifth Amendments.[1] Accordingly, the Third Amended Complaint fails to state a claim upon which relief can be granted with regard to violations of plaintiffs' First Amendment rights. *Iqbal*, 129 S.Ct. at 1952.

Defendants' motion to dismiss the First through Sixth Causes of Action for failure to state a claim under 42 U.S.C. §1983 premised upon a violation of the First Amendment is granted. Plaintiffs have had four opportunities to state a claim. No further leave to amend shall be permitted. This dismissal, however, does not affect the First through Sixth Causes of Action to the extent such claims are premised upon violations of the Fourth Amendment, which have not been challenged by defendants.

2. <u>Motion to Dismiss Fifth Cause of Action for Supervisory Liability Under 42 U.S.C. §1983 for Failure to State a Claim Upon Which Relief can be Granted</u>

The Fifth Cause of Action was previously asserted against Chief Johnson, Cpt. Fitzgerald and Lt. Hern for "supervisory liability" under Section 1983 based on misconduct of their subordinates. The claim was dismissed with leave to amend to amend to plead facts which plausibly demonstrate that through the individual officers' own actions, plaintiffs' constitutional rights were violated. As amended in the Third Amended Complaint, the Fifth Cause of Action is now asserted only against Lt. Hern.

Defendants contend that no new facts have been alleged to demonstrate that Lt. Hern's own actions caused a deprivation of plaintiffs' constitutional rights. As did the Second Amended Complaint, the Third Amended Complaint alleges that Lt. Hern, Officer Rocheville and Officer Cortese were the three officers on the scene. The relevant new allegations are that plaintiff Cole was

---

[1] Additionally, none of the first six claims for relief allege facts supporting a First Amendment claim by plaintiff Oberg.

ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS THIRD AMENDED COMPLAINT AND MOTION TO STRIKE—No. C-08- 05017 RMW
TER        7

subjected to ten minutes of "further now more hostile interrogation to which MR. COLE again responded by questioning the officers' authority ... and repeatedly asserting his Fifth Amendment rights" after which the (unidentified) officers ordered him to stand, handcuffed him, and pushed him back into the chair "in an effort to chill any further verbal challenges and criticism of their official conduct." TAC ¶23. Thereafter, the Third Amended Complaint alleges on information and belief that "under the direction or authority of LT. HERN," one or all of the officers entered plaintiffs' home without a warrant, probable cause, or exigent circumstances. TAC ¶28.

Defendants argue that the factual allegations are sufficient to state "a supervisory liability claim against Lt. Hern based on the First Amendment for actively participating, ordering, and failing to prevent the handcuffing and shoving Mr. Cole to quell his verbal challenges. Lt. Hern also separately threatened to arrest Mr. Cole if Ms. Oberg did not stop her verbal challenges. It is reasonable to infer from these allegations that as the highest ranking officer on the scene, Lt. Hern's conduct furthered the retaliatory acts rather than prevent them." Opp at 6-7.

As noted above, however, the Third Amended Complaint fails to plead a plausible claim under Section 1983 for violation of plaintiff Cole's First Amendment rights. Accordingly, there is no First Amendment violation pleaded that could form the basis for supervisory liability on the part of Lt. Hern.

The parties have not adequately briefed the issue of whether the allegations for supervisory liability are sufficient with regard to any Section 1983 claims arising out of violations of the Fourth Amendment, and accordingly, the court does not reach this issue.

3. Motion to Dismiss the Sixth Cause of Action

Unlike the first four causes of action, asserting *Monell* claims against the City of Sunnyvale, or the fifth cause of action for supervisory liability against Lt. Hern, the Sixth Cause of Action seeks to assert a Section 1983 claim for alleged civil rights violations directly against the participating defendants. Defendants' motion to dismiss the Sixth Cause of Action challenges only the claims against defendants Chief Johnson, Captain Fitzgerald and Lt. Hern, arguing that it does not plead facts to show that the individual actions of Chief Johnson, Captain Fitzgerald or Lt. Hern violated

plaintiffs' constitutional rights. Defendants do not challenge the Sixth Cause of Action to the extent it is asserted against defendants Officer Rocheville and Officer Cortese.

Plaintiffs' opposition effectively concedes that no claim has been pleaded against Chief Johnson or Captain Fitzgerald and limit their arguments to the viability of the claim asserted against Lt. Hern.

Accordingly, the Sixth Cause of Action, to the extent it is asserted against Chief Johnson and Captain Fitzgerald, is dismissed. Plaintiffs have had several opportunities to allege a claim against these defendants, and accordingly the dismissal is without leave to amend.

With regard to the claim asserted against Lt. Hern, as discussed above, the allegations are insufficient to plausibly assert a claim for violation of the First Amendment. Accordingly, to the extent that the Sixth Cause of Action seeks to assert a Section 1983 claim against Lt. Hern for violation of plaintiffs' First Amendment Rights, the claim is dismissed without leave to amend. Once again, however, neither party has briefed the adequacy of the allegations regarding the alleged violation of plaintiffs' Fourth Amendment rights, and the court does not reach that issue.

4.  Motion to Strike Allegations that the Fifth Amendment Provides a Basis for Jurisdiction

Lastly, defendants move to strike the reference to the Fifth Amendment in paragraph 2 of the Third Amended Complaint, wherein it is alleged that "[t]his action is brought pursuant to ... [the] Fifth Amendment[] to the United States Constitution." Plaintiffs agree that the reference to the Fifth Amendment in paragraph 2 of the Third Amended Complaint should be stricken. Accordingly, the motion to strike is granted.

### III. ORDER

For the foregoing reasons, the court grants and denies defendants' motion to dismiss and motion to strike as follows:

1.  Plaintiffs' First through Sixth Causes of Action under 42 U.S.C. §1983 based upon alleged violations of the First Amendment;

2. Plaintiff's Fifth Cause of Action under 42 U.S.C. §1983 against defendant Hern for supervisory liability is dismissed without leave to amend, to the extent it is premised on a violation of the First Amendment;

3. Plaintiffs' Sixth Cause of Action under 42 U.S.C. §1983 against defendants Henderson and Fitzgerald is dismissed without leave to amend; and,

4. The reference to the Fifth Amendment in paragraph 2 of the Third Amended Complaint is stricken.

For purposes of clarity, the court reiterates that the First through Sixth Causes of Action asserting claims under Section 1983 for violation of the plaintiffs' Fourth Amendment rights remain in this action, as do the Seventh through Thirteenth Causes of Action asserted under state law.

DATED: 2/9/10

*Ronald M Whyte*

RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiffs:**

Andrew Vinson Stearns            astearns@loboinc.com

Ignascio Gallegos Camarena, II   icamarena@loboinc.com

Steven Michael Berki             sberki@loboinc.com

M. Jeffery Kallis                M_J_Kallis@Kallislaw.org


**Counsel for Defendants:**

Gregory Mellon Fox               gfox@bfesf.com


Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.


**Dated:** 2/9/10                                    TER

                                        **Chambers of Judge Whyte**

ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS THIRD AMENDED COMPLAINT AND MOTION TO STRIKE—No. C-08- 05017 RMW
TER                                                       11